# IN THE COURT OF APPEALS OF IOWA

No. 14-0610
Filed July 16, 2014

**IN THE INTEREST OF D.S.,**
**Minor Child,**

**D.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Constance C. Cohen, Associate Juvenile Judge.

A father appeals from the termination of his parental rights. **AFFIRMED.**

Magdalena Reese of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

Michael Bandstra, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

A father appeals the termination of his parental rights to his child, born in 2013. He contends (1) the grounds for termination cited by the juvenile court were not established by clear and convincing evidence, (2) the juvenile court should have granted him an extension of time to work towards reunification, and (3) termination was not in the child's best interests due to his bond with the child.

*I.* The juvenile court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(d) (requiring proof that circumstances leading to adjudication continued to exist) and (h) (requiring proof of several elements including proof that child cannot be returned to parent's custody). Iowa Code § 232.116(1)(d), (h) (2013). We may affirm if we find clear and convincing evidence to support either of the grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The court became involved with the family in 2012. An older sibling was removed from the parents' care in January 2013. Meanwhile, the mother gave birth to the child who is the subject of this proceeding. This child tested positive for marijuana. His parents consented to a temporary removal and the child was placed in foster care, where he remained throughout the proceedings.

Within a month after the discovery of marijuana in the child's system, the father twice tested positive for marijuana metabolites in his system. The father participated in services and initially appeared to make progress, with several drug screens revealing no illegal substances in his system. However, shortly before the termination hearing, the father again tested positive for marijuana metabolites in his system.

A Department of Human Services (DHS) employee who oversaw the case summarized the parents' progress as follows: "Throughout the life of the case there has been inconsistency and lack of follow-through in services by the parents." The employee explained that the family had "been receiving DHS services for approximately two years and then court involved for approximately 18 months." The employee expressed "continued concerns about the parents['] ability to be open and honest regarding small and large issues that need addressed in their lives" and "the amount of time DHS has been involved with this family and the limited progress that appears to have been made."

The father did not dispute this evidence. At the termination hearing, he simply requested an extension of time to work towards reunification and, in support of this request, pointed to his strides in therapy. While it is true that the therapist characterized the father's time in therapy as "productive," the record reveals that he only attended eight sessions in fourteen months and he stopped attending the sessions more than two months before the termination hearing. On our de novo review, we conclude that the child could not be returned to the father's custody and the juvenile court appropriately terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h).

*II.* As noted, the father sought additional time to work towards reunification. The juvenile court denied the request, reasoning that the parents were already provided "a de facto six-month extension of time and were not able to demonstrate consistency toward reunification."

The court's conclusion is supported by the department employee's statement that "additional time has already been given as it relates to [an older

child]" and "[t]he parents have not been able to demonstrate consistency for any length of time and their level of understanding of why they need to work on the identified areas has not improved enough to warrant return." Based on this record, we conclude additional time was not warranted.

*III.* The father finally contends that termination was not warranted based on the bond he shared with his child. Iowa Code § 232.116(3). As noted, the child was removed from the parents' care at birth. The child was almost a year old at the time of the termination hearing and his only contact with the father was during supervised visits. We conclude any bond that developed between father and child was not grounds to deny termination.

We affirm the termination of the father's parental rights to this child.

**AFFIRMED.**